# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| RANDALL B. WALKER, | Case No.: _____ |
| Plaintiff, | |
| v. | **ACTION FOR DAMAGES** |
| JOHN DOE and HANDY DAGG REMODELING & CARPENTRY, LLC, | |
| Defendants. | <u>JURY TRIAL DEMANDED</u> |

## COMPLAINT

COMES NOW Plaintiff RANDALL B. WALKER, by and through undersigned, John P. Fischer, Esq., and hereby files his Complaint against Defendants JOHN DOE and HANDY DAGG REMODELING & CARPENTRY, LLC ("Handy Dagg Remodeling"), and states as follows:

### JURISDICTION

1. This is an action for damages resulting from a personal injury matter.

2. This Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity of citizenship as the Plaintiff is a resident and citizen of the State of Georgia and the Defendant is a resident and citizen of the Territory of the Virgin Islands.

3. Venue is proper in the District of St. Thomas and St. John as the events complained of herein occurred on St Thomas, VI.

### PARTIES

4. At all times material hereto, Plaintiff Randall B. Walker (hereinafter "R. Walker") was an adult citizen and resident of the state of Georgia, and was otherwise *sui juris*

Case: 3:23-cv-00004-RAM-GAT   Document #: 1   Filed: 01/25/23   Page 2 of 6

R. B. Walker v. John Doe, et al.
COMPLAINT
Page 2

5. Defendant John Doe,[1] upon information and belief, is an adult citizen and resident of St. Thomas, VI, and is otherwise *sui juris*.

6. Defendant Handy Dagg Remodeling & Carpenter, LLC (hereinafter "Handy Dagg Remodeling") is a registered business on the Island of St. Thomas, VI.

## FACTS

7. On or about April 14, 2022, at approximately 10:30 a.m., Plaintiff was traveling on a rented scooter ascending Coki Point Road, when the operator of Defendant's Ford F550 truck veered into Plaintiff's lane of traffic, causing Plaintiff to lose his balance on the scooter and crash into the front portion of Defendant's Ford truck.

8. Plaintiff was traveling with Kelcey D. Walker, his brother, who was able to quickly divert his scooter way from the approaching Ford F550 truck. However, Plaintiff, who was traveling behind Kelcey D. Walker, did not have time to avoid the Ford F550 truck.

9. As both the scooter and the F550 truck approached each other, Defendant John Doe negligently entered into the oncoming lane of traffic after failing to complete a turn in the roadway before causing an accident (the "Accident").

10. The force of the impact from the collision caused Plaintiff to be severely injured.

11. Police Officer A. Xavier and Aux. Ofc. A. Somersall, of the Virgin Islands Police Department, were dispatched to the Accident and encountered Plaintiff at the Schneider Regional Medical Center where he was getting medical treatment after the Accident.

12. Defendant John Doe left the accident scene and was unable to be interviewed by the investigating police officers.

---

[1] The Driver of the Defendant's vehicle that caused the crash was not identified by the Police and Plaintiff has been unable to confirm his identity prior to this filing. Once that information is provided, Plaintiff will promptly move to amend the complaint by interlineation to properly identify the driver.

Case: 3:23-cv-00004-RAM-GAT    Document #: 1    Filed: 01/25/23    Page 3 of 6

R. B. Walker v. John Doe, et al.
COMPLAINT
Page 3

13.  After a thorough investigation, Defendant John Doe was charged with negligent driving.

14.  Following the collision, an ambulance was called, and Plaintiff was transported to Schneider Regional Medical Center for medical treatment, including a broken collar bone, broken shoulder blade, two (2) broken ribs on the left side, traumatic brain injury, brain contusion and road rash on his extremities.

15.  As a direct and proximate result of the negligent acts and omissions of the Defendant, the Plaintiff sustained serious injuries.

16.  Plaintiff's injuries include physical pain and suffering, mental anguish, inconvenience, disability, physical impairment, handicap, embarrassment, humiliation, loss of the capacity for the enjoyment of life, lost earnings and loss of earning capacity, and medical bills and expenses, in the past and in the future.

17.  Plaintiff's injuries are permanent and continuing in nature and he will continue to incur them in the future.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT JOHN DOE

18.  Plaintiff repeats and re-alleges the preceding paragraphs 1-17, which are incorporated herein by reference.

19.  Defendant John Doe owed a legal duty to the Plaintiff to use an ordinary degree of care in driving, including on the trip that resulted in the subject collision.

20.  Defendant John Doe negligently breached that duty, including but not limited to:

   a)  Failing to operate her vehicle in a safe and prudent manner;

   b)  Violating Title 20 VIC § 495, Failure to Stay as Far Left as Practical, crossing over and colliding head on causing an auto collision with severe damages;

Case: 3:23-cv-00004-RAM-GAT    Document #: 1    Filed: 01/25/23    Page 4 of 6

R. B. Walker v. John Doe, et al.
COMPLAINT
Page 4

       c)      Operating a vehicle in a reckless and dangerous manner;

       d)      Failing to keep a proper lookout at the time of the collision, and immediately preceding the collision;

       e)      Failing to exercise due care and caution for the safety of others, including the Plaintiff, by operating Defendant's vehicle in such a manner that Defendant veered into the lane of on-coming traffic, causing a collision, resulting in serious injuries and damages to Plaintiff Randall B. Walker; and

       f)      Any other acts, omissions and conduct that will be shown at the trial of this matter.

21. All of the aforementioned breaches of the duties owed to Plaintiff by Defendant John Doe caused the Plaintiff to be injured.

22. That Defendant John Doe's breach of the aforementioned duties was the actual and proximate cause of Plaintiff R. Walker's injuries.

23. As a direct result of his injury, Plaintiff has been forced to incur substantial medical bills; has suffered severe physical pain, mental suffering and anguish; has suffered permanent injuries; has been prevented in the future and will be hindered from attending to his personal and business affairs.

24. As a direct and proximate result of the negligent acts and omissions of Defendant John Doe, Plaintiff suffered losses, including, but not limited to, bodily injury and resulting physical pain and suffering, mental anguish, inconvenience, disability, physical impairment, handicap, embarrassment, humiliation, loss of the capacity for the enjoyment of life, aggravation of a pre-existing condition, lost earnings and loss of earning capacity, expenses of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits for damages against the Defendant, John Doe, plus costs and interests on that portion of the claim

Case: 3:23-cv-00004-RAM-GAT    Document #: 1    Filed: 01/25/23    Page 5 of 6

R. B. Walker v. John Doe, et al.
COMPLAINT
Page 5

constituting liquidated damages and further demands a trial by jury on all issues so triable.

## COUNT II
## VICARIOUS LIABITY AGAINST DEFENDANT
## HANDY DAGG REMODELING & CARPENTRY, LLC,

25. Plaintiff repeats and re-alleges the preceding paragraphs 1-24, which are incorporated herein by reference.

26. At all times material, Defendant Handy Dagg Remodeling, was the owner of the commercial vehicle which was being operating by Defendant John Doe.

27. At all times material, Defendant Handy Dagg Remodeling, authorized, permitted, and consented to allow its commercial vehicle to be operated by Co-defendant, John Doe.

28. The Co-Defendant, John Doe, as described in Count I above, was negligent in his operation of said vehicle causing personal injuries to the Plaintiff R. Walker.

29. Defendant, Handy Dagg Remodeling, at all times material hereto, was the employer and/or principal of John Doe, and is vicariously liable under the Doctrine of Respondeat Superior and/or Actual Agency, and/or apparent Agency and/or inherent Agency for the negligence of its employee and/or agent, John Doe.

30. The above-described acts of Defendant John Doe were committed within the scope of his employment with Defendant Handy Dagg Remodeling in that they were committed while on duty and in furtherance of the business of Defendant Handy Dagg Remodeling.

31. As a direct and proximate result of the negligent acts and omissions of Defendant John Doe, Plaintiff suffered losses, including, but not limited to, bodily injury and resulting physical pain and suffering, mental anguish, inconvenience, disability, physical impairment, handicap, embarrassment, humiliation, loss of the capacity for the enjoyment of life, aggravation of a pre-existing condition, lost earnings and loss of earning capacity, expenses of

R. B. Walker v. John Doe, et al.
COMPLAINT
Page 6

hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will continue to suffer the losses in the future.

    WHEREFORE, the Plaintiff demands judgment in excess of the jurisdictional limits for damages against the Defendant, Handy Dagg Remodeling, plus costs and interests on that portion of the claim constituting liquidated damages and further demands a trial by jury on all issues so triable.

Respectfully submitted,

FISCHER REDAVID, PLLC

Dated: January 25, 2023

*/s/ John P. Fischer*
John P. Fischer. Esq.
VI Bar No. 1232
15B Norre Gade
P.O. Box 1197
Charlotte Amalie, VI 00804
Phone: (340) 715-5297
Fax: (888) 519-7138 / (305) 520-0323
John@frtriallawyers.com;
usviservices@frtriallawyers.com
*Counsel for Plaintiff*